IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| CLARENCE OCESIL RICE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:10-823-HMH -JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ROBERT STEVENSON, ) | |
| WARDEN BRCI, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Clarence Ocesil Rice ("Rice"), is an inmate at the South Carolina Department of Corrections serving a sentence of 20 years imprisonment for felony driving under the influence resulting in death and 25 years (consecutive) for leaving the scene of an accident that resulted in death. Rice filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on April 2, 2010. Respondent filed a return and motion for summary judgment on September 1, 2010. Because Rice is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 1, 2010 advising him of his responsibility to respond to the motion for summary judgment. Rice filed a response on December 17, 2010.

1

**Background and Procedural History**

On January 19, 2003, Rice ran a red light in Anderson County and had a collision with another vehicle driven by a 21 year old Marine. The Marine died from his injuries. Rice fled the scene on foot, but was later apprehended. He was charged with Felony DUI (Death), Leaving the Scene of an Accident (Death), Possession of Crack Cocaine, Possession of a Pistol, and Unlawful Vehicle License Tag.

Rice was represented by Nancy Jo Thomason, Esquire. The case was called for trial on December 14, 2004. (App. 3). The court held a competency hearing, and based upon the report of a forensic psychologist and the court's interactions with Rice, it was determined that he was capable of understanding the charges, assisting counsel, and had the ability to differentiate right from wrong at the time of the offense. (App. 9). After the competency hearing and a conference with counsel, Rice decided to enter a plea of guilty. His attorney announced that the State had agreed to allow Rice to plea "straight-up" to the felony DUI charge and leaving the scene of the accident with the other charges being dismissed. (App. 12). Rice then entered his pleas and was sentenced.

Rice filed a motion to withdraw his plea asserting that his plea agreement had been violated and that the medication he was taking rendered him incompetent to enter a plea. A hearing was held on April 15, 2005 at which time Rice testified under oath. (App. 38). The motion was denied.

An Anders[1] brief was filed on Rice's behalf by the South Carolina Office of Appellate Defense raising the following issue:

> Whether appellant's guilty plea should be vacated because it did not comply with the mandates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969)

---

[1] Anders v. California, 386 U.S. 738 (1967).

Rice did not file a *pro se* brief. The appeal was dismissed. State v. Rice, Unpub.Op.No. 2008-UP-117 (Ct.App. filed February 13, 2008). The Remittitur was returned on March 3, 2008.

Rice filed a *pro se* application for post-conviction relief ("PCR") on February 28, 2008. (App. 68). He alleged that his counsel was ineffective and "plea bargained for was reneged/plea not voluntary or intelligently made." Attached to the application was a copy of a letter from trial counsel to Rice dated November 11, 2004 discussing the evidence against him and urging him to consider accepting a plea bargain to 15 years which had been offered by the State. (App. 79).

An evidentiary hearing was held on July 22, 2008. (App. 89). Rice was represented by Hugh Welborn, Esquire. Rice and trial counsel testified. The PCR court entered an order of dismissal on September 18, 2008. A Johnson[2] petition for writ of certiorari was filed by the South Carolina Commission on Indigent Defense raising the following issue:

> Did the PCR court err in failing to find trial counsel ineffective for allowing petitioner to enter a guilty plea when it was not voluntarily and knowingly entered because he believed he was still receiving the original plea offer of 15 years and he was under the influence of medication?

Rice filed a *pro se* brief restating the issue:

> Did the PCR court err in failing to find trial counsel ineffective for allowing petitioner to enter a guilty plea when it was not voluntarily and knowingly entered because both he and trial counsel believed petitioner was still receiving the original plea offer of 15 years and he was under the influence of psychotropic medications?

The petition for writ of certiorari was denied on January 21, 2010. The Remittitur was returned on February 8, 2010.

### Grounds for Relief

In his present petition, Rice asserts he is entitled to a writ of habeas corpus on the following

---

[2]Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

ground:

**GROUND ONE:**    Ineffective Assistance of Counsel. Erroneous Advice.

        a. Plea agreement was not adhered to.

**GROUND TWO:**    Ineffective Assistance of Counsel.

        a. Attorney allowed applicant to enter a guilty plea under the influence of psychotrophic (sic) medications on the day the plea was rendered.

### Discussion

Since Rice filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable

> from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea,

a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

      **a. Plea Bargain**

Rice asserts that trial counsel was ineffective because she misadvised him as to the maximum sentence he might receive. He alleges that counsel told him that he would receive a maximum of 15 years if he pled guilty in accord with her letter to him of November 11, 2004. This claim is contradicted by the transcript of the guilty plea and the findings of the PCR court.

Rice's trial counsel announced the plea agreement immediately after conferring with him. She stated that he was pleading "straight-up" to the DUI and leaving the scene of the accident indictments. (App. 12). The trial court stated on the record that the maximum penalty for each charge was 25 years. (App. 14). In a colloquy with Rice, the court specifically advised him of the maximum penalties and made it clear to him that he could receive consecutive sentences of 25 years. Rice stated that he understood. (App. 17-18). Rice also denied that he had been promised anything including a particular sentence. (App. 22). Rice's answers to the court's inquiries were under oath. (App. 13).

At the PCR hearing, trial counsel testified that the 15 year offer mentioned in her letter had been withdrawn and that she informed Rice of that fact. She also testified that she told Rice the potential penalties, and Rice understood that the 15 year deal had been withdrawn and that he was

facing a possible total of 50 years on his guilty plea. (App. 127-128). The PCR court found trial counsel's testimony to be credible and that the record "conclusively refutes" Rice's claim that counsel's ineffectiveness led to an involuntary guilty plea. (App. 131).

### b. Competency to Enter Plea

Rice also asserts that he was incompetent to enter a guilty plea because he was under the influence of medication at the time of the plea. This claim was likewise rejected by the PCR court.

In connection with the competency hearing, trial counsel related to the court that she had that day investigated a complaint from Rice concerning his medication. She spoke to the detention facility nurse who told her that on that day Rice had taken his prescribed medication: Zantac, Klonopin, Seroquel, Soma, and Claritin-D. (App. 5-6). The court took this information into account in finding Rice competent to stand trial. The court found Rice to be "intelligent, perceptive, [and] well in control of his faculties." (App. 9).

During the change of plea hearing, the following colloquy occurred:

**The Court:** Are you under the influence of any medication, drugs or alcohol at this time?

**The Defendant:** I'm under my prescribed medicine, but it just makes me drowsy. It doesn't make me where I can't - - I don't understand what's going on.

**The Court:** So you do understand and comprehend what is happening today?

**The Defendant:** I understand.

(App. 16).

The court made a specific finding that Rice's plea was "freely, voluntarily, knowingly and

intelligently made." (App. 28).

At the hearing on the motion to change his plea, Rice gave a slightly different list of medication than had been stated earlier by counsel. (App. 47). He testified that the medication "puts me to sleep and I don't want to be bothered. And I did whatever I needed to do to get through this here so I could get to my bed." (App. 48). The court found Rice's testimony "incredible" and denied the motion. (App. 64-65).

At the PCR hearing, Rice testified that he was under the influence of medication at the time of the plea and that his answers to the trial judge's questions were prompted by defense counsel. This was denied by counsel which the PCR court found to be credible.

To prevail on a claim that he was incompetent to enter a guilty plea, a petitioner must show that "his mental faculties were so impaired...when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and realizing the consequences of his plea." Williams v. McBride, 2008 WL 2940597, *8 (N.D.W.Va.) citing United States v. Truglio, 493 F.2d 574, 578 (4th Cir. 1974). Rice presented no evidence as to the effects of his medication at the PCR hearing except his own testimony which the court found not credible. The findings of the PCR court are fully sustainable based on the record from the PCR hearing, the guilty plea, and the hearing on the motion to withdraw the plea.

## Conclusion

Petitioner has not shown that the conclusions of the PCR court were contrary to or an unreasonable application of clearly established federal law. It is therefore, recommended that

Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

January 13, 2011
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).